NAME Terry Lynn Hawkins

PRISON NUMBER V-31556

CURRENT ADDRESS OR PLACE OF CONFINEMENT
California State Prison L.A.C.
Facility A, H.U. A2, Cell 238

CITY, STATE, ZIP CODE Lancaster Ca. 93539-8457

2254 ✓   1983
FILING FEE PAID
Yes___ No ✓
IFP MOTION FILED
Yes___ No ✓
COPIES SENT TO
Court ✓   ProSe___

FILED
APR 14 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

TERRY LYNN HAWKINS
(FULL NAME OF PETITIONER)

PETITIONER

v.

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT
and

The Attorney General of the State of California, Additional Respondent.

Civil No. '08 CV 0678 J PCL
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
   Superior Court Of California In San Diego Ca.

2. Date of judgment of conviction: 4/26/04

3. Trial court case number of the judgment of conviction being challenged: SCN162762

4. Length of sentence: 22 Years

CIV 68 (Rev. Jan. 2006)

cv

CR

5. Sentence start date and projected release date:

6. Offense(s) for which you were convicted or pleaded guilty (all counts): Robbery; Assault with A Semiautomatic Firearm; Commercial burglary; Ex-Felon Possession Of Firearm; Personal use of Firearm Enhancement

7. What was your plea? (CHECK ONE)

    (a) Not guilty    X
    (b) Guilty
    (c) Nolo contendere

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

    (a) Jury    X
    (b) Judge only

9. Did you testify at the trial?

    Yes  X No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    X Yes   No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: Affirmed
    (b) Date of result (if known): April 14, 2005  Case No. D044250
    (c) Case number and citation (if known): D041250
    (d) Names of Judges participating in case (if known): Marguerite L. Wagner

    (e) Grounds raised on direct appeal: Insufficient Evidence to support conviction in violation of Fourteenth Amendment two State Law Sentencing issues.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: Petition For Review Denied
    (b) Date of result (if known): 6/29/05
    (c) Case number and citation (if known): S134246

    (d) Grounds raised: Insufficient evidence to support conviction in violation of Fourteenth Amendment due process clauses

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:
    (a) Result:

    (b) Date of result (if known):

    (c) Case number and citation (if known):


    (d) Grounds raised:




## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Superior Court</u>?
    X Yes    No

15. If your answer to #14 was "Yes," give the following information:

    (a) <u>California Superior Court</u> Case Number (if known):
    (b) Nature of proceeding: Petition For Writ Of Habeas Corpus


    (c) Grounds raised: Petitioner is raisin actual/factual innocence Conviction of innocent person in miscarriage of justice in violation of Petitioner's right to due process as guaranteed by the United States Constitution and Sixth Fifth and Fourteenth Amendments.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes   X No
    (e) Result: Denied
    (f) Date of result (if known): May 18, 2007

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Court of Appeal</u>?
    X Yes   No

17. If your answer to #16 was "Yes," give the following information:

   (a) **California Court of Appeal** Case Number (if known):

   (b) Nature of proceeding:   Petition for writ of habeas corpus

   (c) Names of Judges participating in case (if known) Judge McIntyre

   (d) Grounds raised: Petitioner is raisin actual/factual innocence conviction of innocent person in miscarriage of justice in violation of Petitioner's right to due process as guaranteed by the United States Constitution and Sixth Fifth and Fourteenth Amendment

   (e) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes   X No

   (f) Result: Denied

   (g) Date of result (if known): August 06, 2007

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    X Yes    No

19. If your answer to #18 was "Yes," give the following information:

   (a) **California Supreme Court** Case Number (if known):

   (b) Nature of proceeding: Petition for writ of habeas corpus

   (c) Grounds raised: See PAGE 4(a)

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes X  No

   (e) Result:

   (f) Date of result (if known):

CONTINUATION OF PAGE 4
ISSUE 19(c)

Ground raised;  (1) The fifth and Fourteenth amendment requires reversal on the conviction in counts one through three because there was insufficient evidence such that the jury could have found beyond a reasonable doubt that Petitioner was the robber.

(2) It violated the fifth and fourteenth amendment not to determine what quantum of evidence is necessary to establish sufficient of evidence to establish identity when eyewitness effectively excluded Petitioner as the perpetrator.

4(a).

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>California Supreme Court</u>, containing the grounds raised in this federal Petition, explain briefly why you did not:

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    X Yes  _ No        (If "Yes" Skip to #22)
    (a) If no, in what federal court was the prior action filed?
        (i) What was the prior case number?
        (ii) Was the prior action (Check One):
            Denied on the merits?
            Dismissed for procedural reasons?
        (iii) Date of decision:
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        Yes    No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        Yes    No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

   (a) GROUND ONE: THE FIFTH AND FOURTEENTH AMENDMENT REQUIRES REVERSAL ON THE CONVICTION IN COUNTS ONE THROUGH THREE BECAUSE THERE WAS INSUFFICIENT EVIDENCE SUCH THAT THE JURY COULD HAVE FOUND BEYOND A REASONABLE DOUBT THAT PETITIONER WAS THE ROBBER.

   **Supporting FACTS**: Most of the circumstantial evidence which at first glance would tend to link Petitioner to the robbery ends up supporting the conclusion that Petitioner was not the robber. For instance, while Petitioner had a gun in his car, the gun did not match Weber's description of the robber's gun. Heinrich never identified the gun in his car, the gun as the one used in the robbery. And while Petitioner was wearing clothes roughly similar to the robber in that he was wearing black pants and a black sweatshirt, Petitioner's sweatshirt had writing on it; neither eyewitness mentioned that the robber's sweatshirt had writing on it. Nor was a bandanna found on Petitioner's car or his person. The same is true with the money found. Police found five dollar bills and one dollar bills but no twenty-dollar bills on the driver's side floorboard and driver's seat and around the car, one bundle of five dollar bills was paper-clipped together. A paper clip was later found on the driver's side floorboard. These denominations found did not match the money missing; Weber believed there were few five-dollar bills and many twenty dollar billstaken. Not only did prosecution witness Valerie Fowler provide an explanation for Petitioner's possession of the bills, but the receipts police found in his glove box confirmed her testimony that Petitioner paid for items in cash, sometime in large amount. Petitioner's presence in the area was more likely to show he was not involved. The blockbuster store was less than one minute from the freeway. Petitioner was seen leaving a gas station several minutes after the robbery.

   Did you raise GROUND ONE in the California Supreme Court?

   X Yes    No.

   If yes, answer the following:

   (1) Nature of proceeding (i.e., petition for review, habeas petition): (Habeas Pet.)

   (2) Case number or citation: S157048

   (3) Result (attach a copy of the court's opinion or order if available): Denied March 26, 2008 citing In re Walterus (1995) 62 Cal.2d 218; In re Lindley (1947) 29 Cal.2d 709.

**(b) GROUND TWO:** IT VIOLATED THE FIFTH AND FOURTEENTH AMENDMENT NOT TO DETERMINE WHAT QUANTUM OF EVIDENCE IS NECESSARY TO ESTABLISH SUFFICIENT OF EVIDENCE TO ESTABLISH IDENTITY WHEN EYEWITNESS EFFECTIVELY EXCLUDED PETITIONER AS THE PERPETRATOR.

**Supporting FACTS:** The robber dealt mostly with Weber, who is African-American, and stood right next to her while she placed money in a bag. Heinrich observed the robber for a "brief second" (which she estimated at about 15 to 20 seconds) from near the back of the store, about 27 feet away; after that, she was told to lie on the floor, where she was later joined by Weber. At the curbside line-up, Petitioner was handcuffed, was shown to Weber and Heinrich, who were across the street in the back of a police car. Both Weber and Heinrich told police they thought Petitioner was not the robber. Weber made the statement first, from about 300 feet away, while the car was still moving, albeit slowly. Weber said Petitioner looked too short and thin and too light-skinned to be the robber. From about 150 feet away, Heinrich told the police, "I don't think that's him and that the robber was taller that Petitioner Additionally, neither witness identified Petitioner as the robber at trial. There, Weber said she had never seen Petitioner before. Petitioner was not the right color-he was a little lighter-and about three or four inches shorter than the robber. Weber described the robber as taller and much heavier than her husband, who is 6'2" and weigh 200 pounds, and having very dark skin. Weber described the gun as a small shiny handgun that appeared to be silver or gold and described the robber's clothes as dark (either navy or black) sweats. Heinrich described the gun as a black, "not large" handgun. Heinrich was unable to provide more information than his general build, race, and gender because she did not see enough of the robber to give a detailed description. When apprehended, Petitioner was wearing a black hooded sweat shirt jacket with writing on front, black sweat pants and black shoes. Neither eyewitness identified Petitioner in court and both stated their belief that Petitioner was not the robber at the curbside line-up despite the fact that both identification scenario tend to be relatively suggestive.

Did you raise GROUND TWO in the California Supreme Court?

x Yes    No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): (Habeas Pet.)

(2) Case number or citation: S157048

(3) Result (attach a copy of the court's opinion or order if available): Denied March 26, 2008 citing In re Waltreus (1995) 62 Cal.2d 218; In re Lindley (1947) 29 Cal.2d 709

(c) **GROUND THREE**: THE CALIFORNIA SUPREME COURT'S MARCH 26, 2008 DENIAL OF PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS IS CONTRARY TO, AND INVOLVES AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES.

**Supporting FACTS**:

The California Supreme Court's March 26, 2008 denial of Petitioner's petition for writ of habeas corpus citing <u>In re Waltreus</u> (1965) 62 Cal.2d 218; and <u>In re Lindley</u> ((1947) 29 Cal.2d 709, involves an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States, justifying Federal habeas corpus relied <u>28 U.S.C. § 2254 (d)(1)(2)</u>.

Did you raise GROUND THREE in the California Supreme Court?

Yes    No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

**(d)** GROUND FOUR:


**Supporting FACTS:**












Did you raise GROUND FOUR in the California Supreme Court?

    Yes    No.

If yes, answer the following:

    (1)    Nature of proceeding (i.e., petition for review, habeas petition):

    (2)    Case number or citation:

    (3)    Result (attach a copy of the court's opinion or order if available):

23. Do you have any petition or appeal now **pending** in any court, either state or federal, pertaining to the judgment under attack?
    Yes ___  X No

24. If your answer to #23 is "Yes," give the following information:
    (a) Name of Court:
    (b) Case Number:
    (c) Date action filed:
    (d) Nature of proceeding:

    (e) Name(s) of judges (if known):
    (f) Grounds raised:

    (g) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ___ No ___

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing ... Sloan Osteby 400 S. Melrose Dr. Ste. 200, Vista Ca. 92083
    (b) At arraignment and plea. Sloan Osteby 400 S. Melrose Dr. Ste. 200, Vista Ca. 92083
    (c) At trial ...... Sloan Osteby 400 S. Melrose Dr. Ste. 200, Vista Ca, 92083
    (d) At sentencing Sloan Osteby 400 S. Melrose Dr. Ste. 200, Vista Ca. 92083
    (e) On appeal Alisa Shorag P.O. Box 191235 San Diego Ca. 92159
    (f) In any post-conviction proceeding.
    (g) On appeal from any adverse ruling in a post-conviction proceeding:

CIV 68 (Rev. Jan 2006)                          -10-                                     cv

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    ___ Yes   X No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    ___ Yes   X No

    (a) If so, give name and location of court that imposed sentence to be served in the future:

    (b) Give date and length of the future sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        ___ Yes   ___ No

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

| ___ Plaintiff consents to magistrate judge jurisdiction as set forth above. | OR | X Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case. |
|---|---|---|

29. Date you are mailing (or handing to a correctional officer) this Petition to this court:

   4-9-08

CIV 68 (Rev. Jan. 2006)                                    -11-                                              cv

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

4-9-08
(DATE)

_____
SIGNATURE OF PETITIONER

CIV 68 (Rev. Jan. 2006)

-12-

cv

S157048

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

---

In re TERRY L. HAWKINS on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Waltreus* (1965) 62 Cal.2d 218; *In re Lindley* (1947) 29 Cal.2d 709.)

SUPREME COURT
FILED

MAR 2 6 2008

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Terry Lynn Hawkins

**DEFENDANTS**

Unknown

*[Stamps: 2254, FILING FEE PAID Yes/No ✓, IFP MOTION FILED Yes/No ✓, COPIES SENT TO, Court: Proso]*

*[Stamp: FILED APR 14 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY]*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Terry Lynn Hawkins
PO Box 8457
Lancaster, CA 93539
V-31556

**ATTORNEYS (IF KNOWN)**

'08 CV 0678 J PCL

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)** (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395f) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE                 Docket Number

DATE   4/14/2008

SIGNATURE OF ATTORNEY OF RECORD
R. Mull[?]


CR