1  Terry Lynn Hawkins V-31556
   California State Prison L.A.C.
2  Facility A, H.U. A2, Cell 240
   P.O. Box 8457
3  Lancaster Ca. 93539-8457

4  IN PROPRIA PERSONA

FILED

2008 SEP -8 PM 12:

COPY

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

NUNC PRO TUNC
SEP -2 2008

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

11  TERRY LYNN HAWKINS          )      Case No CV 08-0678 J (PCL)
                                )
12        Petitioner            )      NOTICE OF MOTION AND MOTION
                                )      FOR DEFAULT JUDGMENT UNDER
13        -VS-                  )      FEDERAL RULES OF CIVIL
                                )      PROCEDURE RULE 55(a)(b)
14  MATTHEW CATES, Secretary    )      MEMORANDUM OF POINTS AND
                                )      AUTHORITIES IN SUPPORT
15        Respondent            )      THEREOF:
                                )      Date; 9/04/08
16  _____)      Time; 9:00 A.M.

17  TO ATTORNEY GENERAL OF CALIFORNIA EDMUND G. BROWN JR. ATTORNEY FOR

18  MATTHEW CATES:

19     Please take notice on September 04, 2008 at 9:00 a.m. or soon

20  thereafter as this matter may be heard before Magistrate Judge

21  Peter C. Lewis in The United States District Court Southern

22  District Of California; 880 Front St. San Diego Ca. 92101-8900.

23   Petitioner request an ORDER granting his Default Judgment pursuant

24  Federal Rules Of Civil Procedure Rule 55(a)(b).

25  Dated; August 25, 2008

26

27                                        Terry Lynn Hawkins

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

1 | Terry Lynn Hawkins V-31556
  | California State Prison L.A.C.
2 | Facility A, H.U. A2, Cell 240
  | P.O. Box 8457
3 | Lancaster Ca. 93539-8457

4 | IN PROPRIA PERSONA

5

6

7

8 |                  UNITED STATES DISTRICT COURT

9 |                SOUTHERN DISTRICT OF CALIFORNIA

10

11 | TERRY LYNN HAWKINS              )        Case No CV 08-0678 J (PCL)
                                    )
12 |        Petitioner              )        NOTICE OF MOTION AND MOTION
                                    )        FOR DEFAULT JUDGMENT UNDER
13 |        -VS-                     )        FEDERAL RULES OF CIVIL
                                    )        PROCEDURE RULE 55(a)(b)
14 | MATTHEW CATES, Secretary       )        MEMORANDUM OF POINTS AND
                                    )        AUTHORITIES IN SUPPORT
15 |        Respondent              )        THEREOF:
                                    )        Date; 9/04/08
16 | _____  )        Time; 9:00 A.M.

17 | TO ATTORNEY GENERAL OF CALIFORNIA EDMUND G. BROWN JR. ATTORNEY FOR

18 | MATTHEW CATES:

19 |    Please take notice on September 04, 2008 at 9:00 a.m. or soon

20 | thereafter as this matter may be heard before Magistrate Judge

21 | Peter C. Lewis in The United States District Court Southern

22 | District Of California; 880 Front St. San Diego Ca. 92101-8900

23 |    Before the Honorable Peter C. Lewis Magistrate Judge Petitioner

24 | Terry Lynn Hawkins will move the court pursuant to Federal Rules of

25 | Civil Procedure Rule 55(a)(b) for Default Judgment against

26 | Matthew Cates Secretary of California Department Of Corrections and

27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

1  Rehabilitation.

2     On June 05, 2008 Petitioner's petition for writ of habeas corpus

3  was filed in this court Hawkins V. Cates Secretary Case Number

4  CV 08-0678 J (PCL). (See Order Sua Sponte Substituting Respondent

5  append in EXHIBIT A.)

6     On June 06, 2008 the Honorable Peter C. Lewis issued an order

7  the order append in EXHIBIT A.)

8     On page 2 of the order line 11-12 the order states; Respondent

9  shall file a motion to dismiss pursuant to Rule 4 of the Rules

10  Governing § 2254 cases no later than July 21, 2008.

11     on page 2 line 18-19 the order states; If Respondent files a

12  motion to dismiss, Petitioner shall file his opposition if any to

13  the motion no later than August 21, 2008.

14     On page 2 line 25-26, page 3 line 1-2 the order states; If

15  Respondent does not contend that the petition can be decided with-

16  out the court reaching the merits of petitioner's claims,

17  Respondent shall file and serve an answer to the petition as well as

18  points and authorities in support of such answer, no later than

19  August 04, 2008.

20     On page 3 line 8-9 the order states; Petitioner may file a

21  Traverse to matters raised in this answer no later than September

22  04, 2008.

23     Petitioner hereby submit; On August 18, 2008 Petitioner had not

24  received Respondent's answer.

25     Petitioner hereby submit; On August 19, 2008 Petitioner called

26  the Clerk's Office and spoke with Deputy Clerk Marissa, after

27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

1  checking the court docket the Deputy Clerk Marissa admitted that

2  Respondent hadn't filed a answer to the petition for writ of

3  habeas corpus.

4      On August 19, 2008 Petitioner made the Clerk's Office aware of

5  the facts that Petitioner would be filing a Motion pursuant to

6  Federal Rules of Civil Procedure under Rule 55(a-b) requesting a

7  default judgment for failure to abide by and adhere to a Federal

8  Court order. It is important to keep straight default language a

9  review of the terms regarding defaults is appropriate a default

10 occurs when the Respondent has failed to plead or otherwise

11 respond to the complaint within the time required by the Federal

12 Rules, an entry of default is what the clerk enter when the default

13 is established by affidavit , or otherwise. Federal Rules of Civil

14 Procedure Rule 55(a)  1./ New York Life Ins. Co. V. Brown 84 F.3d

15 137, 138, 141 (5th Cir. 1996).

16     Petitioner hereby submit; Petitioner states two crucial grounds

17 for relief that proves him legal, actual and factual innocence.

18 1) The Fifth and Fourteenth Amendments requires reversal on the

19 conviction in counts one through three because there was

20 insufficient evidence such that the jury could have found beyond

21 a reasonable doubt that Petitioner was the robber.

22 2) It violated the Fifth and Fourteenth Amendment not to determine

23 what quantum of evidence is necessary to establish sufficient of

24 evidence to establish identity when  eyewitness effectively

25

26  1./ All rule reference are to the Federal Rules Of Civil Procedure

27

3.

1  excluded Petitioner as the perpetrator.

2      In the instant case Respondent defaulted because Respondent did

3  not file an answer within the allowed time. See New York Life Ins.

4  Co. V. Brown 84 F.3d 137, 138, 141 (5ht Cir 1996).

5      When party has failed to plead or otherwise defend against

6  certain pleadings, entry of default must precede grant of default

7  judgment. Federal Rules Of Civil Procedure Rule 7(a) Rule 55(a-b)

8  28 U.S.C.A. Johnson V. Dayton Elec. Mfg. Co. 140 F.3d 781, 782,

9  783 (8th Cir. 1998).

10      When considering motion for default judgment, court must first

11 determine that Petitioner has made prima facie showing of court's

12 personal jurisdiction over defaulting party; it is not necessary

13 to hold a hearing to make this determination if Petitioner's

14 entitlement to relief is evident from record. Federal Rules Of

15 Civil procedure Rule 55 28 U.S.C.A. King Vision Pay-Per-View Ltd.

16 V. Spice Restaurant 244 F.Supp.2d 1173, 1174, 1177 (D. Kan. 2003).

17      Default judgment usually is available only when adversary

18 process has been halted because of essentially unresponsive party,

19 as diligent party must be protected lest he be faced with

20 intermenable delay and continued uncertainty as to his rights.

21 United States V. Gant 268 F.Supp.2d 29, 32 (D.D.C. 2003).

22      Default judgment would be entered against Attorney General in

23 habeas corpus action, in that Petitioner had state at least one

24 valid Constitutional claim which had been exhausted in state court,

25 while Petitioner had diligently sought to have his claims heard,

26 Attorney General had been dilatory in extreme, Attorney General

27

4.

1  never communicated with court on three occasions when deadline set

2  by court had been ignored, state Attorney General had been dilatory

3  and casual about missing deadlines in the past, and Petitioner had

4  served a substantial amount of his sentence. Federal Rules Of Civil

5  Procedure Rule.5528 U.S.C.A. Bermudez V. Reid 570 F.Supp. 290, 295-

6  296 (S.D. N.Y. 1983).

7     The Supreme Court has emphasized that the writ of habeas corpus

8  is intended to provide "'a swift and imperative remedy in all cases

9  of illegal restraint or confinement"' Fay V. Noia 372 U.S. 391,

10 400, 83 S.CT. 822, 828, 9 L.Ed.2d 837 (1963) (quoting 3 Blackstone

11 Commentaries 129). See also Preiser V. Rodriquez 411 U.S. 475, 495,

12 93 S.CT. 1827, 1839, 36 L.Ed.2d 439 (1973) (habeas claims should

13 receive "a swift flexible and summary determination"). The

14 governing statute also dictates expediency. E.g., 28 U.S.C. § 2243

15 (1976) (habeas claims to be dealt "forthwith"). Put simply, "The

16 writ of habeas corpus challenging illegality of detention, is

17 reduced to a sham if the trial courts do not act within a

18 reasonable time." Jones V. Shell 572 F.2d 1278, 1280 (8th Cir.

19 1978). Indeed a sufficient delay may offend due process. See id

20 see also Ruiz V. Cady 660 F.2d 337, 341, n. 5 (7th Cir. 1981).

21 Finally looking to Congressional intent, some courts have held the

22 40 days prescribed in Federal Rules Of Civil Procedure Rule 8(a)(2)

23 as the time in which an answer must be filed is a mandatory

24 deadline not to be exceeded. Mattox V. Scott 507 F.2d 919, 925 (7

25 th Cir, 1974); Allen V. Perini 291 F.Supp. 144 (N.D. Ohio 1970).

26 (quoting Bermudez V. Reid 570 F.Supp. at Pp. 292, 293.

27

5.

1    In a case where the petitioner clearly sets forth a claim

2  which, if true, would entitle the petitioner to relief, we think

3  neither approach make sense the first approach would not make

4  sense because at the hearing the Petitioner would simply testify

5  to that which he had already set forth in his petition. Testimony

6  being "competent evidence," <u>Allen</u> V. <u>Perina</u> 424 F.2d at 138, and

7  there being no contrary facts in evidence, Petitioner would thus

8  have met his "burden [of proving] that he is in custody in

9  violation of the Constitution," <u>id</u>, by merely repeating in court

10  the averments of his sworn petition. <u>Bermudez</u> V. <u>Reid</u> 570 F.Supp.

11  at 293.

12    Looking first at Federal law, there can be no question but that

13  Congress had in mind distinct roles of the court, the Petitioner

14  and the Respondent in a habeas action. The scheme outlining these

15  roles is set out in the Rules governing <u>Section 2254</u> cases in the

16  United States District Courts [hereafter "2254 Rules"] <u>28 U.S.C.</u>

17  foll <u>§ 2254</u> (1976). See <u>Rule 1</u>, <u>2254 Rules</u>, <u>Rule 4</u> provides that

18  it is the Respondent who must file an answer, <u>Rule 5</u> details what

19  the answer must contain and requires that the Respondent (1)

20  respond to the allegations of the petition (2) State whether the

21  Petitioner has exhausted his claims. (3) Attach relevant portions

22  of transcripts or a narrative summary and (4) Attach copies of the

23  Petitioner's brief on appeal and a copy of any appellate decisions.

24  Thus it would contravene the Federal statutory scheme for the

25  district court to take over these functions, and these functions

26  would have to be taken over if the court were to "test" the merits

27

6.

1  of a Petitioner's claims <u>Bermundez</u> V. <u>Reid</u> 570 F.Supp. at Pp. 293,

2  294.

3

4                          <u>CONCLUSION</u>

5

6     Upon review of the record this court will find the victim

7  testified Petitioner is not the one who did the robbery proving

8  Petitioner legally, factually and actually innocence, after review

9  of the record proving Petitioner's innocent. Petitioner request a

10 unconditional release from this confinement in the interest of

11 justice.

12

13 Dated; *August 25, 2008*

14                                    Respectfully Submitted"

15

16                                    Terry Lynn Hawkins

17                                    IN PROPRIA PERSONA

18

19 This Motion For Default Judgment
   Was Prepared By;
20 Inmate Eddie Lee Galloway D-85343
   California State Prison L.A.C.
21 Facility A, H.U. A1, Cell 222
   P.O. Box 8457
22 Lancaster Ca, 93539-8457

23

24

25

26

27

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LYNN HAWKINS,<br><br>                                   Petitioner,<br><br>                    v.<br><br>MATTHEW CATE, Secretary,<br><br>                                   Respondent. | Civil No.    08-0678 J (PCL)<br><br>**ORDER SUA SPONTE SUBSTITUTING RESPONDENT** |

Petitioner, a state prisoner, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  It has come to the Court's attention that Matthew Cate has recently been appointed Secretary of the Department of Corrections and Rehabilitation.

A writ of habeas corpus acts upon the custodian of the state prisoner.  *See* 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254.  Because the Secretary of the Department of Corrections and Rehabilitation has changed, so has Petitioner's custodian.  Accordingly, in order to conform with the requirements of Rule 2(a) of the Rules Governing § 2254 Cases, the Court hereby sua sponte **ORDERS** the substitution of Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, as Respondent.  *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the chief officer in charge of state penal institutions); *see also* FED. R. CIV. P. 25(d)(1) ("When a public official is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and

1  the officer's successor is automatically substituted as a party.") The Clerk of the Court shall modify the

2  docket to reflect "Matthew Cate, Secretary" in place of the former respondent.

3  DATED: June 5, 2008

4

5  Peter C. Lewis
   U.S. Magistrate Judge
   United States District Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   TERRY LYNN HAWKINS,                          Civil No.    08-0678 J (PCL)

12                              Petitioner,

13

14                        v.

15                                                **ORDER REOPENING CASE AND**
                                                  **SETTING BRIEFING SCHEDULE**
16   MATTHEW CATE, Secretary,

17

18                              Respondent.

19

20          On April 14, 2008, Petitioner, proceeding pro se, submitted a Petition for Writ of Habeas

21   Corpus pursuant to 28 U.S.C. § 2254. In its April 18, 2008 Order, the Court dismissed this case

22   without prejudice because Petitioner failed to satisfy the filing fee requirement. Petitioner was

23   instructed that to have this case reopened he had to either pay the $5.00 filing fee or submit

24   adequate proof of his inability to pay the fee no later than June 20, 2008.

25          On May 28, 2008, Petitioner paid the $5.00 filing pursuant to this Court's Order. Based

26   on this Court's review of the Petition, the Court **ORDERS** that this case be reopened. Further,

27   / / /

28   / / /

1    in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant

2    to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT IS ORDERED** that:

3         1.     The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy

4    of this Order on the Attorney General for the State of California, or his authorized agent; and

5    (b) serve a copy of this Order on Petitioner.

6         2.     If Respondent contends the Petition can be decided without the Court's reaching

7    the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to

8    exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition

9    is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of

10    the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that

11    Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the

12    Rules Governing § 2254 Cases no later than **July 21, 2008**. The motion to dismiss shall not

13    address the merits of Petitioner's claims, but rather shall address <u>all</u> grounds upon which

14    Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1]

15    At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records

16    bearing on Respondent's contention in this regard. A hearing date is <u>not</u> required for the motion

17    to dismiss.

18         3.     If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any,

19    to the motion no later than **August 21, 2008**. At the time the opposition is filed, Petitioner shall

20    lodge with the Court any records not lodged by Respondent which Petitioner believes may be

21    relevant to the Court's determination of the motion.

22         4.     Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's

23    opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent

24    adequate time to respond to Petitioner's claims on the merits.

25         5.     If Respondent does not contend that the Petition can be decided without the Court

26    reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the

27

28

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

1   Petition, <u>as well as points and authorities in support of such answer</u>, no later than **August 4,**

2   **2008**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing

3   on the merits of Petitioner's claims.  The lodgments shall be accompanied by a notice of

4   lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus**

5   **Case — To Be Sent to Clerk's Office**."  Respondent shall not combine separate pleadings,

6   orders or other items into a combined lodgment entry. Each item shall be numbered separately

7   and sequentially.

8        6.     Petitioner may file a traverse to matters raised in the answer no later than

9   **September 4, 2008**.  Any traverse by Petitioner (a) shall state whether Petitioner admits or

10   denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments

11   responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that

12   were not asserted in the Petition.  Grounds for relief withheld until the traverse will not be

13   considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for

14   good cause shown.

15        7.     A request by a party for an extension of time within which to file any of the

16   pleadings required by this Order should be made in advance of the due date of the pleading, and

17   the Court will grant such a request only upon a showing of good cause.  Any such request shall

18   be accompanied by a declaration under penalty of perjury explaining why an extension of time

19   is necessary.

20        8.     Unless otherwise ordered by the Court, this case shall be deemed submitted on the

21   day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

22        9.     Every document delivered to the Court must include a certificate of service

23   attesting that a copy of such document was served on opposing counsel (or on the opposing

24   party, if such party is not represented by counsel).  Any document delivered to the Court without

25   a certificate of service will be returned to the submitting party and disregarded by the Court.

26   / / /

27   / / /

28   / / /

08cv0678

1           10.    Petitioner shall immediately notify the Court and counsel for Respondent of any

2    change of Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner

3    may be contacted, this action will be subject to dismissal for failure to prosecute.

4           **IT IS SO ORDERED.**

5    DATED: June 5, 2008

6

7                                  Peter C. Lewis

8                                  U.S. Magistrate Judge
                              United States District Co

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

STATE OF CALIFORNIA        )
                          )    SS:  TERRY LYNN HAWKINS
COUNTY OF LOS ANGELES )        (C.C.F.,§446 & §2015.5, 28 U.S.C.,§1746)

I, **TERRY LYNN HAWKINS**_____, declare under penalty of perjury that:

I am the **Petitioner**_____, in the above-entitled action; I have read the foregoing documents and know the contents thereof: and the same is true of my own knowledge, except as to those matters stated therein upon information and belief. and as to those, I believe them to be true.

Executed this **25** day of **August 2008**_____, .    at California State Prison - Lancaster, California **93539-8457**

Signature: _____
(Declarant/Petitioner)

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

## PROOF OF SERVICE

[C.C.F., §446 & §2015.5; 28 U.S.C.,§1746]

I, **Eddie Lee Galloway**_____, am a resident of California State Prison - in the County of Los Angeles, State of California. I am over the age of eighteen (18) and AM/AM NOT a party of the above-entitled action. My State Prison address is: **P.O. 8457 Lancaster Ca. 93539-8457**

On **August 25, 2008**_____    I served the following documents:

**MOTION FOR DEFAULT JUDGMENT UNDER RULE 55(a-b)**_____
_____
_____

(Set forth the exact title of document(s) served)

On the party(ies) herein by placing a true copy(ies) thereof, enclosed in sealed envelope(s), with postage thereon fully paid. or with a Trust Withdrawal Slip (CDC-190) attached thereof, in the United States Mail, in the manner provided by at the California State Prison. Lancaster. California : **93539-8457, addressed as follows:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
880 FRONT ST. RM. 4290
SAN DIEGO CA. 92186-5266

ATTORNEY GENERAL OF CALIFORNIA
EDMUND G. BROWN JR.
110 WEST "A" STREET P.O. BOX 85266
SAN DIEGO CA. 92186-5266

There is delivery service by the United States mail at the place so addressed and/or there is regular communication by mail between the place of mailing and the place addressed. I declare under penalty of perjury that the foregoing is true and correct.

Dated **August 25, 2008** .

_____
Declarant/Petitioner