UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LYNN HAWKINS<br><br>    Petitioner,<br><br>vs.<br><br>MATTHEW CATE, Secretary of CDCR,<br><br>    Respondent. | Civil No.     08cv678 J (PCL)<br><br>**REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

I. **INTRODUCTION**

On April 14, 2008, Petitioner, proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction of robbery with a gun in San Diego Superior case number SCD 162762. (Doc. 1.) Respondent filed both an answer to the petition and a motion to dismiss, arguing that it was filed beyond the statute of limitations. (Doc. 16.)

The Court has considered the Petition, Respondent's answer and motion to dismiss, Petitioner's reply and traverse (doc. 24), the lodgments submitted by Respondent, and all the supporting documents submitted by the parties. Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court recommends that the motion to dismiss be **GRANTED** and that the Petition be **DISMISSED** with prejudice.

II. **PROCEDURAL BACKGROUND**

Petitioner was convicted in 2003 of robbery, assault with a semiautomatic firearm, burglary, and

1

possession of a weapon by a felon. (Lodgment 6 at 1-2.) He appealed his conviction to the California Court of Appeal. The court upheld the conviction in an unpublished, written opinion filed on April 14, 2005. (Lodgment 6.) Petitioner then filed a Petition for Review in the California Supreme Court, which denied the petition on June 29, 2005. (Lodgment 8.)

Petitioner attempted to file his first post-conviction petition for writ of habeas corpus in the San Diego Superior Court on June 13, 2006. (Lodgment 10, at 1.) After inquiring into the status of his petition eight months later, the court operations clerk, in a letter dated February 22, 2007, advised him that he had sent his petition to the wrong location and invited him to file the petition in the North County Division. (Lodgment 10, Exhibit D.) On April 5, 2007, Petitioner properly filed his first state court habeas petition.[1] (Lodgment 9.) The superior court denied the petition in a written opinion on May 18, 2007. (Lodgment 11.) On July 18, 2007, Petitioner appealed the denial in the court of appeal (lodgment 12), which denied the appeal on August 6, 2007 (lodgment 13).

On September 20, 2007, Petitioner filed in the court of appeal another state habeas corpus petition that raised additional claims, which was denied on August 6, 2007. (Lodgments 12 and 13.) Petitioner then appealed the decision in the California Supreme Court, which also denied the petition on March 26, 2008. (Lodgments 14 and 15.)

Finally, Petitioner filed the instant Petition before this Court on April 14, 2008. (Doc. 1.) Respondent has filed both an answer to the petition and a motion to dismiss, arguing that it was filed beyond the statute of limitations. (Doc. 16.) Petitioner traversed Respondent's response on January 29, 2009. (Doc. 24.)

**III.  DISCUSSION**

Under 28 U.S.C. § 2244(d), Petitioner has one year from the date his conviction is final to file

---

[1] For purposes of calculating AEDPA's limitation period the "mailbox rule" applies to both the pro se prisoner's federal habeas petition and the state court habeas petition that began the period of tolling. See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (applying Houston v. Lack, 487 U.S. 266, 276 (1988), in which the Supreme Court held that a notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court); see also Huizar v. Carey, 273 F.3d 1220 (9th Cir. 2001)(holding that mailbox rule applies even if document is never actually filed as long as prisoner diligently follows up once he has failed to receive a disposition from the court).

2

a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254.[2] See 28 U.S.C. § 2244(d)(1). Petitioner's petition for review was denied by the California Supreme Court on June 29, 2005. (Lodgment 8.) Thus, including the ninety days within which Petitioner could have pursued his appeal in the United States Supreme Court by filing a petition for writ of certiorari, see Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999), his conviction became final on September 27, 2005. Petitioner had until September 27, 2006 to file his federal habeas petition absent statutory or equitable tolling. 28 U.S.C. § 2244(d); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). As Petitioner filed his federal habeas petition on April 14, 2008, he would need to account for the more than 18-month delay in filing to avoid dismissal of his petition. As demonstrated below, Petitioner is not entitled to statutory or equitable tolling, and his Petition, barred by the statute of limitations, should be dismissed with prejudice.

### A. Statutory Tolling

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and qualifies for statutory tolling, only if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). These rules include "the court and office in which it must be lodged." Id. San Diego Superior Court Rule 3.3.2.A.1 provides that a "petition for writ of habeas corpus should be filed in the criminal records division of the court that serves the area in which the underlying criminal case was or is pending." Improperly filed and lodged state habeas petitions are not entitled to statutory tolling. Hood v. Galaza, 47 F. Supp. 2d 1144, 1147 (S.D. Cal. 1999). Moreover, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

---

[2] The statute of limitations begins to run ninety days following finality unless one of three exceptions apply. 18 U.S.C. § 2244(d)(1)(A-D). None of the exceptions apply to Petitioner: he does not claim that there was a state impediment to his seeking further relief; his claims do not rely on any new constitutional right determined by the U.S. Supreme Court to be retroactive; and he does not claim that any of his claims were discovered at a later date.

In this case, Petitioner claims that he should be entitled to tolling for a state habeas petition filed in June 2006. However, as this petition was sent to and improperly lodged in the wrong location, it cannot have tolling effect under the federal statute. Petitioner properly filed his first state habeas petition in April 2007. By this time, the statute of limitations period, which began on September 27, 2005 and ended on September 27, 2006, had expired. Petitioner's April 2007 petition, and those that were filed thereafter, cannot be given tolling effect because the federal statute does not permit the reinitiation of the limitations period that has ended before the first state petition was properly filed. Thus, Petitioner cannot account for the delay in filing his federal habeas petition with the statutory tolling provision. His federal petition can be timely if he is eligible for sufficient equitable tolling to make his April 14, 2008 federal habeas petition timely.

### B. Equitable tolling

"To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 335 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Although Petitioner has not explicitly requested equitable tolling, the Court reads the submitted papers as an implicit request for such. Petitioner did attempt to file a state habeas petition before the limitations period expired, albeit in the wrong court. However, when Petitioner attempted to file the June 2006 petition, almost nine months of the limitations period had elapsed. Petitioner took no action until February 2007, eight months after sending the state petition to the wrong court. These delays demonstrate a lack of diligence, so as to preclude equitable tolling. As for the second prong, Petitioner has not demonstrated that extraordinary circumstances stood in his way preventing a timely filing. Thus, Petitioner cannot rely on equitable tolling to excuse his delay in filing his federal habeas petition.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment

4

1  be entered granting the motion to dismiss and dismissing the Petition with prejudice.  The Court submits
2  this Report and Recommendation to United States Chief District Judge Napoleon Jones under 28 U.S.C.
3  § 636(b)(1) and Local Civil Rule 72.1(c)(1)(c) of the United States District Court for the Southern
4  District of California.

5  **IT IS ORDERED** that no later than **March 6, 2009,** any party to this action may file written
6  objections with the Court and serve a copy on all parties.  The document should be captioned
7  "Objections to Report and Recommendation."

8  **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and
9  served on all parties no later than **March 20, 2009**.  The parties are advised that failure to file objections
10 within the specified time may waive the right to raise those objections on appeal of the Court's order.
11 See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th
12 Cir. 1991).

13 DATED: February 10, 2009

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc:  The Honorable Jones
     All Counsel of Record

5