**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY LYNN HAWKINS,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>MATTHEW CATE, Secretary of CDCR,<br><br>　　　　　　Respondent. | Case No. 08cv0678 J (PCL)<br><br>**ORDER:**<br><br>**(1) ADOPTING MAGISTRATE JUDGE LEWIS'S REPORT AND RECOMMENDATION; and**<br><br>**(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS.** |

　　　　Before this Court is Magistrate Judge Peter C. Lewis's Report and Recommendation ("R&R") recommending that the Court grant Respondent Matthew Cate's ("Respondent" or "Cate") motion to dismiss the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 with prejudice. [Doc. No. 25]. This court has considered the Petitioner Terry Lynn Hawkins's ("Petitioner" or "Hawkins") Petition, Respondent's Answer, Petitioner's Traverse, and all supporting documentation submitted by the parties. Having considered these documents, this Court now **DENIES** Hawkins's Petition for Writ of Habeas Corpus in its entirety.

### *Procedural Background*

　　　　In 2003, Petitioner was convicted of robbery, assault with a semiautomatic firearm, burglary, and possession of a weapon by a felon. (Lodgment 6 at 1-2). Petitioner appealed his conviction to the California Court of Appeal. The court upheld the conviction in an unpublished opinion filed on April 14, 2005. (Lodgment 6). Petitioner then filed a Petition for Review in the California Supreme Court, which denied the petition on June 29, 2005. (Lodgment 8). Petitioner

did not appeal to the United States Supreme Court.

Petitioner attempted to file his first post-conviction petition for writ of habeas corpus in the San Diego Superior Court on June 13, 2006. (Lodgment 10 at 1). After nearly eight months, Petitioner inquired into the status of his petition. In a letter dated February 22, 2007, the court operations clerk advised Petitioner that the petition had been sent to the wrong location and invited him to file the petition in North County Division, the proper location. (Lodgment 10, Exhibit D). On April 5, 2007, Petitioner properly filed his first state court habeas petition. The superior court denied the petition on May 18, 2007. (Lodgment 11). Petitioner appealed the denial in the court of appeal (lodgment 12), which was denied on August 6, 2007. (Lodgment 13).

On July 18, 2007, Petitioner filed another state habeas corpus petition in the court of appeal which raised additional claims. (Lodgment 12). The petition was denied August 6, 2007. (Lodgment 13). Petitioner appealed the decision to the California Supreme Court, which also denied the petition on March 26, 2008. (Lodgments 14 and 15).

Hawkins filed the current federal habeas petition before this court on April 14, 2008. [Doc. No. 1.] Respondent filed an answer to the petition and asserted a statute of limitations defense. [Doc. No. 16.] Petitioner filed a traverse on January 29, 2009. [Doc. No. 24.] Magistrate Judge Lewis filed an R&R on February 10, 2009, to which Petitioner did not file an objection. [Doc. No. 25.]

## *Legal Standard*

### I. Statute of Limitations for Federal Habeas Corpus Petitions

A state prisoner whose conviction has become final must seek federal habeas corpus relief within one year. *See Evans v. Chavis*, 546 U.S. 189, 189 (2006). This statute of limitations "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a state court'. . . even if the petition challenges an administrative decision rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061, 1062 (9th Cir. 2004) (citing 28 U.S.C. § 2244(d)(1)). A district court is permitted, but not required, to consider the timeliness of a

petition sua sponte. *Day v. McDonough*, 547 U.S. 198, 209 (2006). The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D). Further, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

If the petitioner seeks direct review from the highest state court but does not file a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the time for filing such a petition elapses. *See Bowen v. Roe*, 188 F.3d 1157, 1159-60 (9th Cir. 1999).

**II. Reviewing Magistrate Judge's R&R**

The duties of a district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). A district court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) (2007); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a '*de novo*' determination . . . Congress intended to permit whatever reliance a district judge, in exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and

recommendations.").

*Discussion*

**I.     Statute of Limitations**

Under Section 2244(d), Petitioner had one year from the date his conviction became final to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). As stated above, if the petitioner seeks direct review from the highest state court but does not file a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the time for filing such a petition elapses. *See Bowen*, 188 F.3d at 1159-60. Thus, including the ninety days within which Petitioner could have filed an appeal in the United States Supreme Court by filing a petition for writ of certiorari, his conviction became final on September 27, 2005. Petitioner therefore had until September 27, 2006 to file his federal habeas petition unless the statute of limitations had been extended by statutory or equitable tolling. 28 U.S.C. § 2244(d); *Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled on other grounds by *Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530, 540 (9th Cir. 1998)).

Petitioner filed his federal habeas petition on April 14, 2008. This is over 18 months after Petitioner's conviction became final. Thus, the one-year statute of limitations bars Petitioner's claim unless the limitations period was tolled on statutory or equitable grounds.

**II.    Statutory Tolling**

The one-year statute of limitations is tolled under 28 U.S.C. § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *See* 28 U.S.C. § 2244(d)(2). In California, a post-conviction habeas corpus petition is considered "pending" during the time between a lower court's decision on the petition and the filing of a new petition in a higher court, if there exists no undue delay. *See Carey v. Saffold*, 536 U.S. 214, 223-25 (2002). The statute of limitations is tolled during "all of the time which a state prisoner is attempting, through proper use of state court procedure, to exhaust state court remedies with regard to a particular post-conviction application." *Harris v. Carter*, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008) (overruling *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)).

1         Accordingly, if a properly filed application for state post-conviction or other collateral review is pending, that time will not be counted toward the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and qualifies for statutory tolling, only if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). These rules include "the court and office in which it must be lodged." *Id.* San Diego Superior Court Rule 3.3.2.A.1 provides that a "petition for writ of habeas corpus should be filed in the criminal records division of the court that serves the area in which the underlying criminal case was or is pending."

        Petitioner claims he should be entitled to tolling during the period in which the state habeas petition filed in June 2006 was pending. However, the petition was sent to and improperly lodged in the wrong location. Thus, Hawkins's petition did not have a tolling effect on the federal statute of limitations. Hawkins's properly-filed state habeas petition was filed on April 5, 2007, after the federal statute of limitations expired on September 27, 2006. An application for state post-conviction relief does not toll the statute of limitations if the petitioner files it after the statute of limitations has expired. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001), *cert. denied*, 123 S. Ct. 1627 (2003).

        Although Petitioner filed additional state habeas petitions, they also did not toll the statute of limitations. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003). Thus, following the California Supreme Court's denial of Petitioner's petition for review, the statute of limitations began to run because Petitioner's post-conviction state habeas petition was untimely. (Lodgment 10). As a result, Hawkins's later state petitions did not toll the statute of limitations because it had already expired.

### III.    Equitable Tolling

        Although statutory tolling does not apply in the present case, Petitioner may be entitled to equitable tolling. While 28 U.S.C. § 2244 does not specifically provide courts with discretion to maintain jurisdiction over habeas claims after the one-year statute of limitations has expired, nothing in this section specifically disallows a court from maintaining jurisdiction as a matter of equity. *See Duncan v. Walker*, 533 U.S. 167, 183 (2001). The Ninth Circuit permits

equitable tolling only for extraordinary circumstances, stating, "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

The Ninth Circuit has placed on the petitioner the burden of establishing entitlement to tolling. *See Smith v. Duncan*, 297 F.3d 809, 814-15 (9th Cir. 2002). Generally, a petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

Although Petitioner did not request equitable tolling, this Court reads the submitted papers as an implicit request for such relief. Here, Petitioner attempted to file the June 2006 petition almost nine months after the limitations period for appeal had elapsed. Even after Petitioner became aware that his first post-conviction petition was improper, he took nearly two and a half months to resubmit the petition to the proper court. Petitioner's failure to act demonstrates a lack of diligence as to preclude equitable tolling. Additionally, even if Petitioner was given the benefit of the doubt as to his diligence, he has failed to demonstrate that extraordinary circumstances existed to delay filing. Thus, Petitioner has failed to demonstrate why equitable tolling should apply to extend the statute of limitations in this case.

### *Conclusion*

For the reasons above, this Court **ADOPTS** the R&R and, accordingly, **DENIES** Hawkins's Petition for Writ of Habeas Corpus in its entirety.

**IT IS SO ORDERED.**

DATED: July 13, 2009

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Lewis
    All Counsel of Record